IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIDGET CUSTER, on behalf        )
of Minor Child Welch,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         ) Civil Action No. 12-118J
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
            Defendant.           )


MEMORANDUM JUDGMENT ORDER


AND NOW, this 30ᵗʰ day of September, 2013, upon due

consideration of the parties' cross-motions for summary judgment

pursuant to plaintiff's request for review of the decision of the

Commissioner of Social Security ("Commissioner") denying her

application for child's supplemental security income ("CSSI")

under Title XVI of the Social Security Act ("Act"), IT IS ORDERED

that the Commissioner's motion for summary judgment (Document No.

15) be, and the same hereby is, granted[1] and plaintiff's motion

---

[1]Plaintiff has filed a reply brief (Document No. 19), in which she argues
that defendant has admitted the facts contained in her separately filed concise
statement of material facts because defendant has failed to file a responsive
pleading as required by the court's local rules. This case originally was
assigned to the Honorable Kim R. Gibson, and subsequently was re-assigned to
this member of the court. We note that Judge Gibson's scheduling order setting
forth deadlines in this case did not require the filing of a concise statement
of material facts. See Document No. 9. Accordingly, this court will not
penalize defendant for failing to file a response to her concise statement of
material facts. We further note that the filing of a concise statement of
material facts is not required by this member of the court, nor has it been
required in any other social security cases which previously have been
transferred to this member of the court from Judge Gibson's docket.
      Plaintiff also argues that defendant's summary judgment motion and brief
should be dismissed because the brief is two pages in excess of the maximum
page limit, and defendant filed a consolidated response to plaintiff's summary
judgment motion and separately filed Motion to Remand (Document No. 11).

✎AO 72
(Rev. 8/82)

for summary judgment (Document No. 10) be, and the same hereby is, denied.[2]

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d. Cir. 1999). Where the ALJ's findings are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support her findings and conclusions.

On November 20, 2008, plaintiff Bridget Custer filed an application for CSSI on behalf of her granddaughter, minor child Welch (hereinafter, "KMW") alleging KMW became disabled on October 2, 2008, due to attention deficit hyperactivity disorder ("ADHD") and allergies. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on September 15, 2010, at which plaintiff appeared and testified on behalf KMW. On November 12, 2010, the ALJ issued a decision finding that KMW is

---

Again, the court will not penalize defendant for slightly exceeding the page limit apparently established by Judge Gibson's rules on motion practice. Finally, the court will not penalize defendant for filing a combined response to plaintiff's summary judgment motion and motion to remand, as we find nothing improper with defendant's consolidated brief.

[2]Plaintiff's Motion to Remand also will be denied for reasons explained herein.

not disabled.   On April 10, 2012, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.

In reviewing this case, the ALJ considered plaintiff's testimony, as well as KMW's medical and academic records.  The ALJ found that the evidence established KMW suffers from the severe impairments of ADHD, Asperger's disorder and allergies.  The ALJ further found that those impairments, either alone or in combination, do not meet or medically equal the severity of any of the impairments listed in Appendix 1 of 20 C.F.R. §404, Subpart P ("Appendix 1"), nor do they result in limitations that functionally equal any listing.  As a result, the ALJ found that KMW is not disabled within the meaning of the Act.

For a child under the age of eighteen to be considered disabled under the Act, she must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §1382c(a)(3)(C)(i); see also 20 C.F.R. §416.906.

The Regulations outline a three-step sequential evaluation process to determine a child's eligibility for SSI. See 20 C.F.R. §416.924.  Under this analysis, a child will be found disabled if: (1) she is not working or engaged in substantial gainful activity; (2) she has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment meets,

AO 72
(Rev. 8/82)

medically equals, or functionally equals the severity of an impairment listed in Appendix 1. 20 C.F.R. §§416.924(b)-(d).

Here, plaintiff challenges the ALJ's findings at step 3 of the sequential evaluation process, claiming that the ALJ erred by finding that KMW's severe impairments do not functionally equal any listed impairment. For the reasons explained below, the court finds that plaintiff's argument is without merit.

The regulations set forth specific rules for evaluating whether the child claimant has an impairment that meets a listing (20 C.F.R. §416.925), medically equals a listing (20 C.F.R. §416.926) or functionally equals a listing (20 C.F.R. §416.926a). An impairment functionally equals a listing if it results in "marked" limitations[3] in two domains of functioning or an "extreme" limitation[4] in one domain. 20 C.F.R. §416.926a(a). The six domains of functioning to be considered in this evaluation are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. §416.926a(b)(1)(i)-(vi).

---

[3]A "marked" limitation in a domain will be found "when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "more than moderate" but "less than extreme." Id.

[4]An "extreme" limitation in a domain will be found "when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(3)(i). An "extreme" limitation is a limitation that is "more than marked" but does not necessarily mean a total lack or loss of ability to function. Id.

The ALJ determined that KMW has less than a marked limitation of functioning in acquiring and using information, in attending and completing tasks, in interacting and relating with others, and in caring for herself. (R. 18-21, 23). In addition, the ALJ found that KMW has no limitation of functioning in moving about and manipulating objects and in health and physical well-being. (R. 22, 24).

Plaintiff argues that KMW functionally equals certain listings because she has a marked limitation of functioning in her ability to acquire and use information, to attend and complete tasks, to interact and relate to others, and to care for herself. After reviewing the record, the court disagrees with plaintiff and concludes that the ALJ thoroughly explained the reasons for his findings regarding each of those domains. (R. 18-21, 23). Further, the court is satisfied that substantial evidence supports the ALJ's finding that KMW's impairments do not functionally equally any listing because she does not have a marked limitation in two domains of functioning or an extreme limitation in one domain.

In connection with her argument that KMW's impairments functionally equal a listing, plaintiff partially relies on a psychological evaluation from Nulton Diagnostic & Treatment Center dated November 18, 2010 (the "Nulton report"), which post-dated the ALJ's decision and was submitted for the first time to the Appeals Council. Plaintiff argues that the Appeals Council erred by failing to consider the Nulton report and should have remanded

AO 72
(Rev. 8/82)

the case to the ALJ based on that report. Plaintiff's argument lacks merit, as this court has no authority to review the actions of the Appeals Council in denying review.

Pursuant to 42 U.S.C. §405(g), a claimant who is unsuccessful in the administrative process may seek judicial review of the Commissioner's final decision denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the district court is to review. <u>Matthews v. Apfel</u>, 239 F.3d 589, 592 (3d Cir. 2001). As the <u>Matthews</u> court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." <u>Id.</u> at 594.

Thus, to the extent plaintiff requests that this court review the Appeals Council's decision to reject the Nulton report and deny review, this court has no statutory authority to do. To be clear, the Nulton report was not presented to the ALJ because it was not completed until after the ALJ issued his decision, thus that document may not be considered by this court in conducting its substantial evidence review. <u>Matthews</u>, 239 F.3d at 594-95.

Furthermore, to the extent that plaintiff suggests that this case should be remanded to the Commissioner pursuant to sentence six of §405(g) for consideration of the Nulton report, she has not established that remand is appropriate. When a claimant seeks to rely on evidence that was not before the ALJ, the court may remand the case to the Commissioner if the evidence is new and material

AO 72
(Rev. 8/82)

and if there is good cause why it was not previously presented to the ALJ.  Matthews, 239 F.3d at 593.  Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding.  Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Although the Nulton report was not issued until after the ALJ issued his adverse decision, the report does not qualify as "new" evidence.  Plaintiff cannot argue that the Nulton report was unavailable to her; indeed, KMW could have been evaluated at Nulton at any time prior to the ALJ's decision, yet she opted not to do so.  Furthermore, the Nulton report is not material. Plaintiff has failed to demonstrate that the Nulton report identifies any additional functional limitations that would have changed the outcome of the ALJ's decision.  Finally, plaintiff has not demonstrated good cause for failing to obtain and submit the Nulton report to the ALJ prior to the time he issued his decision, thus a sentence six remand is not warranted in this case.

Plaintiff also argues in her separately filed motion to remand that the case should be remanded for the ALJ to consider the medical records of KMW's inpatient hospitalization at a psychiatric facility in August 2012, which was nearly two years after the ALJ's decision.  Plaintiff argues that this is new and material evidence which previously was not available, thus a remand is warranted.  Despite plaintiff's assertion, she has not demonstrated that the evidence related to KMW's August 2012

AO 72
(Rev. 8/82)

inpatient hospitalization is new and material and that there is good cause why it was not previously presented to the ALJ. Accordingly, plaintiff's motion to remand will be denied.

Plaintiff makes several additional arguments claiming that the ALJ's decision is not supported by substantial evidence. Plaintiff claims that the ALJ improperly evaluated certain physician opinion evidence, placed too much weight on an evaluation by the non-examining state agency physicians, and gave inadequate weight to her testimony regarding KMW's functional abilities. Each of these arguments is unfounded.

Plaintiff first contends that the ALJ selectively reviewed the reports and opinions of Dr. Walter Byrd, a treating psychiatrist, and Dr. Frank Schmidt, a psychologist who performed a consultative examination of KMW. In particular, plaintiff alleges that the ALJ ignored their reports to the extent they mentioned a history of hallucinations experienced by KMW. To the contrary, the ALJ acknowledged that Dr. Schmidt noted plaintiff's history of hallucinations, (R. 16), but Dr. Byrd subsequently observed in October 2010 that KMW had not been experiencing visual hallucinations, nor had she experienced auditory hallucinations in over a year. (R. 316, 317).

The court otherwise notes that the ALJ thoroughly reviewed and summarized the medical evidence from the physicians who treated and examined KMW. (R. 15-16). After reviewing the record, the court finds no error in the ALJ's consideration and weighing of this evidence.

The court similarly finds no error in the ALJ's consideration of, and reliance upon, the jointly issued Childhood Disability Evaluation by Dr. Dilip Kar and Dr. Richard Heil, two non-examining state agency physicians who reviewed KMW's records. (R. 269-74). Dr. Kar and Dr. Heil found that KMW had a less than marked limitation in acquiring and using information, in attending and completing tasks and in caring for herself. (R. 271-72). The doctors further found that KMW had no limitation in interacting and relating with others, in moving about and manipulating objects and with respect to health and physical well-being. (R. 271-72). The ALJ gave great weight to the opinion of Dr. Kar and Dr. Heil because it was consistent with Dr. Schmidt's opinion and the medical evidence of record, with the exception of their opinion regarding the domain of interacting and relating with others, which the ALJ gave only some weight. (R. 16).

Plaintiff contends that the ALJ improperly relied on the opinion of Dr. Kar and Dr. Heil, in part because it was outdated by the time the ALJ conducted the administrative hearing. Contrary to plaintiff's position, the regulations specify that state agency medical consultants, such as Drs. Kar and Heil, "are highly qualified . . . psychologists . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §416.927(e)(2)(i).

Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In <u>Chandler v. Commissioner of Social Security</u>, 667 F.3d 356 (3d Cir. 2011), the Third Circuit determined the ALJ in that case properly relied on the state agency medical consultant's RFC assessment in support of his decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. <u>Id.</u> at 361-62.

Likewise, here, the ALJ properly relied on the Childhood Disability Evaluation of KMW by Dr. Kar and Dr. Heil. As in <u>Chandler</u>, the ALJ did not simply rubber stamp the doctors' opinion. Rather, the ALJ gave great weight to their opinion with respect to five domains of functioning, but found that their opinion regarding the domain of interacting and relating with others was only entitled to some weight.

Moreover, to the extent plaintiff suggests that the lapse of time between the evaluation completed by Drs. Kar and Heil in February 2009 and the subsequent administrative hearing in September 2010 made it inappropriate for the ALJ to rely on their opinion, the Third Circuit rejected that argument in <u>Chandler</u>, stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." 667 F.3d at 361. It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings.

✎AO 72
(Rev. 8/82)

Id., citing SSR 96-6p. After considering all of the evidence here, the ALJ determined that the opinion of Drs. Kar and Heil as to KMW's functioning in five of the domains was consistent with the evidence of record, but she was more restricted in interacting and relating with others than they found. Accordingly, the ALJ did not err in his reliance on the opinion of Drs. Kar and Heil.

Plaintiff's final argument is that the ALJ ignored her testimony regarding KMW's aggressive/regressive behaviors. The Third Circuit has held that an ALJ must consider the testimony of a lay witness and explain why he accepts or rejects that testimony. See Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). As required by Burnett, the ALJ carefully summarized plaintiff's testimony and reports about KMW's behavior, and then explained why he found plaintiff's allegation that KMW's limitations are disabling not entirely credible. (R. 14, 17). As the ALJ explained, plaintiff's testimony was contradicted by the medical evidence of record and KMW's activities. (R. 17). The court finds that the ALJ properly considered and weighed plaintiff's testimony.

After carefully and methodically considering all of the evidence of record, the ALJ determined that KMW is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise

erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge


cc: David J. Flower, Esq.
Yelovich & Flower
166 East Union Street
Somerset, PA 15501

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)